THOMAS S. SOMERVILLE *vs.* MARBURY'S *Adm'r et al*
December, 1835.

After the return of a commission from Chancery to take testimony has remained in the office of the Register in Chancery, or Clerk of the County Court, the term prescribed by the rules or practice of the court, it is competent for either the complainant or defendant, to set the cause down for a final hearing.

But when a cause stands on bill and answer, without further proceedings, the complainant is the only party competent to set the cause down for final hearing.

After a commission in an equity cause has been out for several years, and returned without proof, both parties having failed to offer any, and the cause is down for final hearing, the court ought not on the motion of the complainant, to remand the commission for the mere purpose of giving a further opportunity to take proof.

The discontinuance by the plaintiff of a suit on a bond, against the principal debtor is no ground for a surety to obtain an injunction upon, against the creditors, subsequent by suing such security.

APPEAL from the equity side of *Prince George's* County court.

The appellant on the 18th of *October*, 1828, filed his bill on the equity side of the county court, praying for relief against a judgment obtained against him by the appellee *Marbury*, as the administrator of *William Marbury*, deceased, for the use of the other appellees.

The bill charged, that said judgment was rendered on a bond, in which this appellant was bound as surety for one *Benjamin Mackall* deceased. That after the death of *Mackall*, the principal debtor, he the appellant, through the intervention of a friend, requested the appellee (Marbury) to sue *Mackall's* administrators on the bond, informing him at the same time, that he apprehended loss, in the event of delay in doing so; and that should any delay take place, the appellant would not consider himself responsible for the payment of the debt. That in consequence of this request, the appellee instituted several suits upon the bond, against the administrators of the principal debtor, and the complainant, and a co-surety, named *Sasscer*, to the *October* term of the county court, in the year 1824. That afterwards, at the *April* term 1825, to which the suits were returned "*cepi*," the suits were all stricken off, and discontinued by the appellee, *Marbury*, without the knowledge or consent of complainant, a credit at the same time being entered on the docket, by order of said *Marbury*, of the interest then due on debt, and the costs of suit; the payment of which, the com-

plainant charged to have been the inducement to the dismissal of the suits ; and he further charged as his belief, that the appellee at the same time agreed, in further consideration of said payment of interest and cost, that the administrators of *Mackall* should be indulged for the principal debt, and should also be at liberty to give other security for the same. That nearly twelve months after the suit had been thus discontinued, the appellee *Marbury,* again commenced several actions on the said bond, against the appellant, his co-surety, and the administrator of *Mackall,* the principal debtor, for the use of the other appellees ; and that at the *April* term, 1827, a judgment was rendered against the complainant by default, upon which a *ca. sa.* issued against him, under which his person has been arrested. That he has been informed and believes, that if the suits originally instituted, had been diligently prosecuted, the money due on the bond might have been recovered from the personal estate of the deceased *Mackall,* there having been at the time when judgment should have been rendered, assets in the hands of his administrators to more than double its amount, and that judgments obtained subsequently to that time have in fact been paid. The bill then prays that the complainant may be discharged from his liability on the judgment and bond; for an injunction to restrain proceedings upon the former, and for general relief.

An injunction was accordingly ordered by STEPHEN, Chief Justice.

The answer of the appellee, *Marbury,* admitted the suretyship as charged, and that after the death of the principal debtor, he was requested by the complainant, to sue his administrators ; but he has no recollection of being informed that complainant apprehended loss from delay ; and the respondent expressly denies, that the suits were instituted in consequence of such request. On the contrary the respondent alleges, that they were brought, because of the failure of the obligors to pay the interest then due, and that as soon as

that was done, they were discontinued.    The answer denies, that any stipulation or promise was made to indulge the administrators of the principal debtor, or that it was agreed, that they might give other security, and release the complainant.    The institution of the second suit was admitted, the obtention of the judgment, and the issuing of the *capias ad satisfaciendum*, as charged; but the answer denied, that a diligent prosecution of the first suits would have resulted in the recovery of more than a small proportion of the claim out of the assets of *Mackall*, they being wholly insufficient to pay his debts, and each creditor being then, as now, only entitled to his proportion, which proportion is at this time, of course, recoverable.

The answers of the other defendants are not material.

A commission subsequently issued to take testimony, which after remaining out for several years, was at *January* term, 1834, returned without proof; the parties having, according to the commissioner's return, " altogether failed to offer any."

The cause then, on motion of the defendant's solicitors, was set down for final hearing at the ensuing *April* term; but not being then heard, it was continued by order of the court, until the *July* term thereafter ; when a motion was made by the complainant's solicitor, that the commission be remanded to the commissioner by whom it had been returned. This motion was overruled; the counsel for the defendants were heard, (none appearing for the complainant,) when (*Dorsey, A. J.*) dissolved the injunction, and dismissed the bill with costs, upon the ground, that the whole equity of the bill was sworn away by the answer.

From this decree the complainant appealed to the court of appeals.

The cause was argued before BUCHANAN, Ch. J. and ARCHER, and DORSEY, Judges.

J. M. S. Causin, for the appellant contended.

1. That the answer admits that a portion of the debt might have been recovered by an energetic prosecution of the original suit; and that admission, entitled the complainant to relief. But he should have been relieved independently of such admission. Though the answer denies that the suits were brought in consequence of the complainant's request; it admits, that such request was in fact made prior to their institution. By yielding thus apparently at least, to the request of the complainant, he presented an application to the court of chancery by him to compel proceedings against the principal debtor, and should therefore take all the consequences of discontinuing proceedings commenced under the directions of that court. Suppose the appellee had not sued *Mackall,* when requested so to do by the complainant; and the latter had then applied to a court of chancery to compel him to sue, and the court had passed an order to that effect, will it be said the complainant would not be discharged, if the appellee, afterwards, and without the consent of complainant, had discontinued the suit? If a creditor sues the principal debtor at the request of the surety, and then gives time on the execution, the surety is discharged. *Rees vs. Berrington,* 2 *Ves. Jr.* 544. *Wright vs. Simpson,* 6 *Ib.* 734. *King vs. Baldwin,* 17 *Johns. Rep.* 384. *Clagett et al vs. Salmon,* 5 *G. and J.* 351. 1 *Law Lib.* 70, 75.

2. The case was not ready for final hearing, the setting it down being on the motion of the defendant, which is repugnant to the practice of the court. The remedy of the defendant, when the complainant omits to proceed, is to lay the rule further proceedings. 1 *Brown, C. R.* 56, 63, 77. If however, it is allowable to the defendant so to do, it is upon the terms of admitting the allegations of the bill. 1 *Brown, C. R.* 54. *Brinckerhoff vs. Brown,* 7 *Johns. C. Rep.* 217.

3. That in the attitude in which the case stood, the commission should have been remanded. 1 *Brown C. R.* 67.

ALEXANDER and MAGRUDER for the appellees.

1. The agreement to give time, charged in the bill is denied by the answer, and there is no proof on either side But if an agreement had been proved or admitted, it would not avail the complainant, unless founded on a valid consideration, which is not pretended. *Planters' Bank vs. Sellman*, 2 *Gill and Johns.* 230. No binding agreement to give time can be deduced from the discontinuance of the suit. Other proceedings might have been commenced forthwith. *Clagett et al vs. Salmon*, 5 *G. and J.* 314 The answer denies that the suit was brought at the request of the surety, but if it had been, the result would be the same, as a request of this kind *in pais* imposed on the creditor no obligation to sue, and his doing so, must be regarded nevertheless as voluntary. The remedy of the surety was in chancery, when he could have proceeded against both the creditor, and principal debtor, to have the debt paid out of the estate of the latter. *Campbell vs. Macomb*, 4 *Johns. ch. R.* 537. He had no right to call on the creditor in pais to sue. *King vs. Baldwin & Fowler*, 2 *Ib.* 554, 557.

2. According to the practice in *Maryland*, either party may set a case down for final hearing after the return of a commission; indeed, after a commission has been in the office a whole term, the case is ready without a motion at all.

3. After the great delay which had intervened, to have remanded the commission would have amounted to a denial of justice.

DORSEY, Judge, delivered the opinion of the court.

Two of the grounds upon which the reversal of the decree of the county court has been urged, are not necessarily connected with the merits of the controversy between the parties. The one is, that the cause was set down for final hearing by the defendants; whereas by the practice of the court of chancery the exclusive right of setting down a cause for final hearing rests in the complainant. There is nothing in this objection. By the settled practice of courts of equity in

*Maryland,* after the return of the commissioner appointed to take the testimony, has remained in the office of the county Clerk, or Register in chancery, the time prescribed by the rules or practice of the court, it is competent for either the complainant or defendant, to set the cause down for a final hearing.

If this cause stood without further proceedings than the bill and answer, then would the objection be well founded. The complainant only in a cause thus situated, being authorized to set it down for final hearing.

The other ground assigned is, that the chancellor ought to have granted the prayer of the complainant made at the hearing, that the commission be remanded to the commissioner. Concede to us the unqualified power of reviewing the acts of the chancellor, when in the exercise of that sound discretion, which under the rules of his court, it is his duty to apply to applications of this character, yet we see nothing in the act complained of, that does not meet our entire approbation. From the circumstances and manner in which the application was made, no other fate could have been anticipated for it, but that which it received.

The only remaining point presented for our consideration is, whether the discontinuance of the first suit, instituted on the bond, in which the complainant was a surety, exonerated him from all further liability thereon. This question is so conclusively settled by the principles established by this court in the cases of the *Planters' Bank of Prince Georges' County vs. Sellman,* 2 *Gill and Johns.* 230,—and *Sasscer vs. Young and Kemp,* 6 *G. and Johns.* 243, that it should not be treated as a subject open to discussion in the courts of equity in this state.

DECREE AFFIRMED WITH COSTS.